# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THEA VASILOPOULOS,**<br>Plaintiff,<br>vs.<br>**UNITED AIRLINES, INC.,**<br>Defendant. | CASE NO. 17-cv-05983-YGR<br><br>**ORDER RE: JOINT DISCOVERY LETTER BRIEF**<br>Re: Dkt. Nos. 41, 43 |

The Court has reviewed: (1) the parties' joint discovery letter brief regarding defendant's requests to extend plaintiff's deposition by four hours and to depose plaintiff on alternate stressors related to her emotional distress claim, filed on May 9, 2018 (Dkt. No. 41 ("Letter")); and (2) defendant's list of anticipated deposition topics and time estimates for each topic (Dkt. No. 43 ("Supplement")).[1] Based upon the arguments in the letter brief, and for the reasons set forth below, the Court finds that defendant has not demonstrated good cause for an order extending plaintiff's deposition by four hours or allowing defendant to depose plaintiff on alternate stressors.

While plaintiff alleges nine causes of action, the complaint covers a brief period of approximately three months, and the causes of action arise out of the same core of operative facts. *See Stevens v. City of Red Bluff*, No. CIV S-06-0720 LKK EFB, 2007 WL 184816, at *1 (E.D. Cal. Jan. 19, 2007) ("There is nothing extraordinarily complex about the complaint. It asserts five causes of action which arise out of the same core of operative facts. All appear to be factually related to [plaintiff's] six-year tenure as a city council member for the City of Red Bluff.") This case is thus distinguishable from the ones defendant cites in support of its requests. *See Eaglesmith v. Ray*, No. CIV 2:11-cv-0098-JAM-JFM, 2012 WL 1161428, at *1 (E.D. Cal. Apr. 6,

---

[1] While the letter brief references defendant's "motion to compel" (Letter at 1), defendant has filed no such motion.

1 2012) (claims for employment discrimination, retaliation, harassment, failure to prevent discrimination / retaliation / harassment, and violations of the First and Fourteenth Amendments covered "a nearly eight-year period [and] concern[ed] numerous incidents and numerous employees, administrators, volunteer coaches and parents"); *Valois v. Airlines*, CV 10-2030 RGK(JCx), 2011 WL 13042826, at *3 (C.D. Cal. Apr. 4, 2011) ("[P]laintiff's claims involve allegations of multiple instances of misconduct over a four year period, against two defendants under different legal theories . . . .") Accordingly, the Court is not convinced that the complexity of this case warrants additional time to depose plaintiff.

Moreover, the Court is not persuaded by defendant's assertion that additional time is needed because: (1) "[p]laintiff became emotional [at her April 24, 2018 deposition] on a few occasions, had trouble paying attention to the questions asked, and often could not answer a question in a straightforward fashion"; and (2) "plaintiff's counsel made a number of spurious objections." (Letter at 2–3.) Such occurrences are not uncommon in depositions, and defendant has not directed the Court's attention to any particular answers by plaintiff or specific instances of allegedly "spurious" objections that may have *unduly* hampered plaintiff's deposition. Accordingly, defendant has failed to explain adequately why it was unable to conduct questioning at plaintiff's deposition on April 24, 2018 concerning "her care for her father, his medical condition, [and] her mitigation of damages . . . ." (Letter at 3.)

Defendant has further failed to demonstrate good cause to allow examination of plaintiff's relationship with her ex-fiancé, from whom she separated *fourteen years* ago. Defendant contends that "the documents produced by a healthcare provider on the day of the deposition reveal that [p]laintiff still remains in close communication with her ex-fiance [sic] who was abusing her." (*Id*. at 3.) However, defendant has provided no such documents to the Court, and this bald assertion cannot support an order extending plaintiff's deposition.

That said, the Court finds that defendant has demonstrated good cause to extend plaintiff's deposition by **two (2) hours** as to the following: Defendant represents that: (1) "Northbay Healthcare did not produce its 350-plus document production until the day of the deposition" (*id*. at 2); (2) plaintiff "has yet to produce" her disability applications (*id*.) and records pertaining to

2

plaintiff in the possession of the Employment Development Department ("EDD") and the Social Security Administration ("SSA") (Supplement at 1); and (3) plaintiff's search for texts related to the litigation was limited to "text messages relating to her job search" (Letter at 2). At the two-hour deposition, defendant shall not be permitted to re-trod old ground already covered in plaintiff's previous deposition. The additional deposition will thus be limited to the following topics: (1) plaintiff's medical condition as described in the medical records produced by Northbay Healthcare on April 24, 2018; (2) additional documents to be provided by plaintiff, including documents from the EDD and the SSA, and plaintiff's disability applications; and (3) plaintiff's new text messages relating to the litigation.

The deposition may take place after plaintiff provides the requested records from the EDD and the SSA.[2]

This Order terminates Docket Numbers 41 and 43.

**IT IS SO ORDERED.**

Dated: May 18, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] The parties are instructed that all discovery disputes in this matter are subject to the undersigned's Standing Order in Civil Cases ("Standing Order"), which provides that requests for discovery relief such as defendant's "must be summarized jointly by the parties in one *joint* letter brief *no longer than four pages*." (Standing Order ¶ 8 (second emphasis supplied).) Moreover, the Civil Local Rules of this District provide that printed text, including footnotes "may not be smaller than *12-point standard font*[.]" (Local Rule 3-4(c)(2) (emphasis supplied).) Defendant is warned that future use of a smaller font size to avoid page limitations will result in the striking of the filing.